IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 3:08-cr-854-JFA |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Willie Marrion Duggan. | ) | |
| | ) | |

This matter comes before the court on a motion filed by Petitioner Willie Marrion Duggan pursuant to 28 U.S.C. § 2255 to vacate his sentence. (ECF No. 111.) The United States has filed a motion to dismiss Petitioner's motion. (ECF No. 115.)

On August 1, 2008, a federal grand jury returned a three-count Indictment charging Duggan with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute a quantity of cocaine base (commonly known as "crack" cocaine), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Count 2); and possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(a)(1)(B) (Count 3). On June 25, 2009, Duggan pled guilty to Count 2 of the Indictment before this court. Duggan was subsequently sentenced on November 23, 2009 to 188 months. His sentence was primarily based on the fact that he was adjudged a "Career Offender" under § 4B1.1 of the United States Sentencing Guidelines because he had previously been convicted of a qualifying "controlled substance offense" and a "crime of violence."

In his § 2255 petition, Petitioner asserts that he received ineffective assistance of counsel because counsel at sentencing and on appeal failed to adequately investigate his criminal history. Specifically, Petitioner asserts that his counsel was ineffective in failing to encourage the court to find that pointing or presenting a firearm in violation of S.C. Code Ann. § 16-23-410 is not a

1

violent felony. Petitioner further contends that he was prejudiced by his counsel's ineffective assistance because he received a higher sentence based on his status as a career offender.

The Supreme Court has held that to establish a claim of ineffective assistance a petitioner must show that (1) his attorney's performance was objectively deficient and (2) such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. First, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 688. Courts should be deferential in this inquiry, and have "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Thus, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice. *Id.* at 697. It is axiomatic that if the claim or claims that counsel failed to raise are devoid of legal merit, a petitioner suffers no prejudice and cannot establish a claim of ineffective assistance of counsel. *Id.* at 687.

For ease of disposition in this case, the court skips to the second prong of *Strickland* and finds that Duggan has failed to prove prejudice and, thus, that there was no ineffective assistance of counsel at sentencing or on appeal. Petitioner submits that if his counsel had argued that an analysis under *Begay v. United States*, 553 U.S. 137 (2008), was necessary in order for the court to determine whether a violation of § 16-23-410 was a crime of violence, then this court would

2

have concluded that, in fact, such a violation is not a crime of violence, and Petitioner would not have been subject to an enhanced sentence as a career offender. Duggan cites an unpublished Fourth Circuit case, *United States v. Byrd*, 400 F. App'x 718 (2010), in support of his contention that a violation of § 16-23-410 is not a crime of violence. However, what the Fourth Circuit held in *Byrd* is that pointing and presenting a firearm is not a "crime of violence" under United States Sentencing Guidelines ("USSG") § 4B1.2(a)(1), but it is a "crime of violence" under USSG § 4B1.2(a)(2) because it involves "purposeful, violent, and aggressive" conduct. *Byrd*, 400 F. App'x at 721. *Byrd* was decided after Duggan was sentenced, but even if the court had employed an approach under *Begay* as the Fourth Circuit did in *Byrd*, it would have found Petitioner's violation of § 16-23-410 to be a crime of violence, and Petitioner would have been sentenced as a career offender.

The United States has also pointed out that in a more recent published decision, the Fourth Circuit declined to follow its conclusion in *Byrd* that pointing and presenting a firearm is not a "crime of violence" under USSG § 4B1.2(a)(1). *United States v. King*, 673 F.3d 274, 280 n.5 (2012). In that case, the Fourth Circuit concluded that a conviction for "pointing and presenting a firearm in violation of § 16-23-410 qualifies as a "crime of violence" under the first clause of the Guidelines definition of that term." *Id.* at 280.

As Petitioner has been unable to show that he would not have been sentenced as a career offender had his counsel asked the court to use a *Begay* approach in determining whether his prior state conviction qualified as a crime of violence, he has failed to show that he was prejudiced by counsel's conduct. Consequently, he has failed to show ineffective assistance of counsel, and this court is constrained to deny his motion under § 2255 (ECF No. 111) and grant the United States' motion to dismiss (ECF No. 115). As for the Petitioner's requests for an

evidentiary hearing, for the appointment of counsel, and to amend his petition, in light of this court's decision on the merits of Duggan's petition, the court denies these additional requests. The court also denies Petitioner's request for a certificate of appealability because he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

    IT IS SO ORDERED.

April 2, 2012                                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

4